**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BRANDON GAERTNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-1775 HEA |
| ) | |
| SHARRON WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motions of Brandon Gaertner for leave to proceed in forma pauperis and for appointment of counsel. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, based upon a review of the complaint, the Court finds that it must be dismissed as factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Given this dismissal, the motion for appointment of counsel will be denied as moot.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is factually frivolous if the facts alleged are "clearly baseless." *Denton*, 504 U.S. at 32-33. Allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Id.*

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## Discussion

Plaintiff brings this civil action, alleging violations of his civil rights. He names the following defendants in this action: Sharron Williams the 2nd (Qdoba Employee); Unknown Female Psychologist at Eastern Reception, Diagnostic and Correctional Center (ERDCC); Brandi

Bell (Postal Worker); Madison Hudson (Qdoba Worker); Shane Stamm (Inmate, MODOC); Dr. Seifert (Psychologist, St. Louis County Jail); and St. Louis County Jail.

Plaintiff alleges that in 2018, he was "set up" by his girlfriend, Sharon Williams the 2nd. He states he was "drug induced" to receive a head implant on his right temple. He claims that Shane Stamm cut his temple open with another person who he only knows through Facebook. Plaintiff states that he would be able to pick this person out of a line-up because he was his "dealer," and he was once involved in the Family Values prison organization.

Plaintiff states that the implant is still in his head, and it involves a "thought reader." He believes it is similar "to the 2006 Federal one used on Johnny Lambrose." Plaintiff believes the implant is also a "dream editor" used to test his reaction to different scenarios. Plaintiff states, "They play wires running to different areas to shock me and more are obtained off the Darknet and sent to my Aunt Robin Fredendalls. . .where my mom Brandi Bell. . .resides."

Plaintiff states that he will "sign his rights over" so that the chip can be taken out. He states that as a result of the chip in his head he has headaches, seizures, electric currents in his head causing pain and black outs, eye pain, earaches, nightmares, anxiety, and psychological distress.

The Court finds the factual allegations in the complaint to be delusional and fanciful, and therefore clearly baseless.  *See Denton*, 504 U.S. at 32-33.  The Court therefore concludes that this action is factually frivolous, and will dismiss it as such.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** as factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel [Doc. #3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of January, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE